No. 2501

Second Circuit

———

WARREN v. FROST-JOHNSON LBR. CO.

———

(May 22, 1928. Opinion and Decree.)

———

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Timber—Par. 3, 10.**

Where the parties to a contract did not agree as to the method of measuring timber, this having been omitted, the rule fixed by Act 263 of 1918 will govern.

2. **Louisiana Digest—Constitutions and Constitutional Law—Par. 21; Laws—Par. 26, 37.**

"No one has a right to attack a statute as unconstitutional unless he can show that its enforcement against him has violated or will violate his constitutional rights." Therefore, defendant, who is not being prosecuted criminally, cannot raise a constitutional question about Act 263 of 1918 because of its containing a penal clause.

Appeal from the Eleventh Judicial District Court, Parish of DeSoto. Hon. Hal A. Burgess, Judge.

Action by John M. Warren againt Frost-Johnson Lumber Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Parsons and Colvin, of Mansfield, attorneys for plaintiff, appellee.

Lee and Bell, of Mansfield, attorneys for defendant, appellant.

ODOM, J. The defendant company employed plaintiff to cut and haul the timber on a certain tract of land at an agreed price of $4.75 per thousand feet.

There is no substantial disagreement between the parties as to the number and size of the logs cut and hauled, but plaintiff contends that the timber was to be scaled with what is known as the "Scribner-Doyle" stick or by the standard rule adopted by the legislature in Act No. 263 of 1918, while defendant contends that it was to be scaled by the "Doyle-Scribner" stick or rule which was used by it, which latter stick or rule underscales the "Scribner-Doyle" by 10% on an average.

The lower court gave plaintiff the amount due under the "Scribner-Doyle" rule, and defendant appealed.

As plaintiff did not get judgment for the full amount claimed, he moved in this court for an amendment of the judgment.

OPINION.

We shall not go into all the details as to the number and size of the logs delivered by plaintiff to defendant, because we find, as a matter of fact, that the District Judge was correct in his finding on that point.

The real controversy between these litigants is whether the logs should have been scaled by the "Scribner-Doyle" rule as claimed by plaintiff, or the "Doyle-Scribner" as claimed by defendant.

The testimony shows that the "Scribner-Doyle" rule or standard adopted by the state, scales, on an average, 10% higher than the "Doyle-Scribner" rule which was used by defendant.

The defendant contends, first, that even though the State has fixed, by legislative enactment, a standard measurement for logs, the parties had the right, by agreement, to waive that rule and that they did waive it in this case; and, second, if the court should hold that they did not waive that rule, then Act No. 263 of 1918, fixing the standard, is unconstitutional.

On the first point we find, as a matter of fact, that the parties did not waive the rule. The testimony shows that when the negotiations were opened with reference to the cutting and hauling of the timber, nothing was said about the scale-stick to be used. But that point seems to have been raised before the contract was finally closed.

Plaintiff testified that he was told that the defendant company would use the "regular" or "standard" scale-stick, and that nothing was said about either "Scribner-Doyle" or "Doyle-Scribner" sticks; and, furthermore, he knew nothing whatever about scale sticks.

Mr. Claude McCrocklin, representing the defendant, who made the contract with plaintiff, testified on his examination in chief, that before the contract was finally closed plaintiff asked "how are you scaling?" and "I said, 'we are scaling with our method of give and take fractions, scale the narrow end with a "Doyle-Scribner stick * * *"'" He asked if that was what we used, and I said that was all we need."

But, on cross-examination, he was asked if he was positive that he mentioned the "Doyle-Scribner" stick, and he said, "No, sir, I would not say the 'Doyle-Scribner' stick;" "the stick we used."

He was further asked, "do you know whether Mr. Warren knew then what was meant by 'the stick we used,' and he replied, 'I do not know, sir'."

It is therefore clear that it was not agreed that the "Doyle-Scribner" stick should be used.

It is argued on behalf of defendant that the plaintiff having agreed to a scale by the stick used by defendant, he is bound by a scale made with the "Doyle-Scribner" stick, as that was the one used by it.

That would, no doubt, be true if the plaintiff had known what stick was being used by defendant. But he did not.

A standard rule for the scaling of saw-logs having been adopted by the state, by legislative act, the plaintiff was warranted in assuming, as he says he did, that defendant was using that standard.

The state having adopted a standard of measurement and the contracting parties not having agreed upon any particular rule or standard, we hold that the standard fixed by the state should control.

Using that standard, the plaintiff is entitled to the amount awarded by the District Judge.

But defendant says Act No. 263 of 1918 is unconstitutional. It is not necessary for us to pass upon that question, for the reason that defendant has not properly presented it in its pleadings.

"No one has a right to attack a statute as unconstitutional unless he can show that its enforcement against him has violated or will violate his constitutional rights."

6 R. C. L. 89.

2 R. C. L. Supp. 21.

State of Connecticut vs. Tihon Senchuk, et al., 96 Conn. 605, 115 Atl. 33 (20 A. L. R. 1515).

It is not alleged nor is it argued by defendant that the enforcement of the standard measurement of saw-logs adopted by the state by said act would violate any of its constitutional rights. It is not alleged that the "Scribner-Doyle" rule is not in fact the correct standard or that its application would discriminate against defendant as a purchaser of logs. If the use of said rule in the measurement of saw-logs will show the correct amount of timber, and it is not suggested that it will not, defendant has no ground to complain.

Defendant says, in its answer, that said statute is null and void—

"* * * for the reason that it is a penal statute and all crimes in the State of Louisiana are statutory, and that said act does not contain a definition of what constitutes the Scribner-Doyle scale, nor was such scale known to the common law."

If defendant were being prosecuted criminally for violating the provisions of the act, the point which it raises would be pertinent. But this is not a criminal prosecution.

Plaintiff testified that he was charged $4.00 for one sack of oats which he did not get and that defendant agreed to give him credit for that amount, which was not done. His testimony on that point is not disputed. We therefore find it necessary to amend the judgment appealed from to that extent.

It is therefore ordered, adjudged and decreed that the judgment appealed from be so amended as to increase the award from $116.90 to $120.90 and as thus amended, it is affirmed with costs in both courts.